ELECTRONICALLY FILED - 2022 Jul 06 2:09 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003034

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON<br><br>STANLEY ROLLINS,<br><br>                          Plaintiff,<br>v.<br><br>CIRCLE K STORES INC.,<br><br>                          Defendant. | IN THE COURT OF COMMON PLEAS<br>CASE NUMBER: 2022-CP-10-<br><br><br>**SUMMONS** |

**TO THE ABOVE-NAMED DEFENDANT(S):**

      A lawsuit has been filed against you. You are hereby summoned and required to appear and defend the action(s) set forth in the Complaint, a copy of which is hereby served upon you, and to serve a copy of your Answer or Motion upon the undersigned counsel at P.O. Box 31977, South Carolina 29417, within thirty (30) days after service hereof, exclusive of the day of such service. If you fail to respond with an Answer or Motion to the Complaint within said time frame, judgment by default will be rendered against you for the relief demanded in the Complaint. You must also file your Answer or Motion with the Court.

                                              **LAW OFFICE OF JACOB C. MCKENZIE, LLC**

                                              _s/ Jacob McKenzie_
                                              Jacob C. McKenzie (S.C. Bar #: 103231)
                                              P.O. Box 31977
                                              Charleston, SC 29417
                                              P:  (843) 732-8128
                                              E:  jake@jakemckenzielawfirm.com

July 6, 2022
Charleston, South Carolina                     **ATTORNEY FOR PLAINTIFF**

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON<br><br>STANLEY ROLLINS,<br>                                Plaintiff,<br>v.<br><br>CIRCLE K STORES INC.,<br>                               Defendant. | IN THE COURT OF COMMON PLEAS<br>CASE NUMBER: 2022-CP-10-<br><br><br>**COMPLAINT**<br>**(JURY TRIAL REQUESTED)** |

The Plaintiff, by and through the undersigned counsel, alleges and pleads as follows:

### PARTIES, JURISDICTION, AND VENUE

1. At all times relevant to this lawsuit, Plaintiff Stanley Rollins, was a citizen and resident of Charleston County, South Carolina.

2. At all times relevant to this lawsuit, Defendant Circle K Stores, upon information and belief, operates a store at 1190 Remount Road, N. Charleston, SC 29406, and is registered to do business in South Carolina with the South Carolina Secretary of State and conducts business on a regular basis in South Carolina.

3. This action concerns a fall that occurred at Circle K in Charleston County, South Carolina on or around February 5, 2021.

4. The parties, subject matter, and all things and matters hereinafter alleged are within the jurisdiction of this Court.

5. Venue is proper in this county pursuant to S.C. Code Ann.15-7-30.

### FACTS

6. On or around February 5, 2021, Plaintiff was at the Circle K store located at 1190 Remount Road, N. Charleston, SC 29406, for the purpose of transacting business and as such he was an invitee of Circle K.

ELECTRONICALLY FILED - 2022 Jul 06 2:09 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003034

7. At the same time and place, Circle K chose to allow a dangerously loose kick plate to remain on the entrance door, and thereby failed to take reasonable measures to create a reasonably safe shopping environment for its customers, in that Circle K failed to eliminate the subject hazard, failed to protect its customers including Plaintiff from said hazard, nor did Circle K warn Plaintiff of the dangerously loose kick plate that was attached the entrance door.

8. Plaintiff was not aware of the defective nature of the door, nor had he been warned of the danger it posed by Circle K.

9. Suddenly and without warning, Plaintiff's pant leg got caught on the defective plate and screw which caused Plaintiff to fall violently to the ground.

10. The force of the impact caused Plaintiff to suffer injuries and damages, including left shoulder surgery.

11. The hazard present on the door was not created by a third party but was instead, a man-made in-store condition created by Circle K.

12. Circle K was aware that all manner of people would be walking in its store, and Circle K knew it had a duty to maintain a safe environment on their premises for their customers, employees, and the general public.

13. At all times herein mentioned, the premises were in the direct operation and control of Circle K, its agents, and servants.

14. Circle K owed non-delegable duties of reasonable care to the public and to Plaintiff, to reasonably monitor its walkways and aisles, eliminate hazards, guard against hazards, and/or to warn its invitees of hazards including the dangerous entrance door.

15. At all times relevant to this action, Circle K is liable for the acts and/or omissions of its agents, servants, and/or employees within the scope of their agency and/or employment with Circle K, under the doctrine of Respondeat Superior.

ELECTRONICALLY FILED - 2022 Jul 06 2:09 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003034

ELECTRONICALLY FILED - 2022 Jul 06 2:09 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003034

16. By reason and in consequence of Defendant's aforesaid acts and/or omissions, which needlessly endangered Plaintiff and caused him to fall violently to the ground, Plaintiff has suffered damages, including but not limited to:

    a. Medical charges and bills;

    b. Physical and mental pain and suffering;

    c. Loss of enjoyment of life; and

    d. In such other particulars as may be found through discovery or trial.

17. At all times relevant hereto the Plaintiff was conducting himself in a prudent and lawful manner.

## FOR A FIRST CAUSE OF ACTION
### (Premises Liability, Negligence, Gross Negligence, Recklessness)

18. Plaintiff realleges and incorporates all of the allegations contained in the above paragraphs into this cause of action as if set forth verbatim.

19. At the time of the incident described above, Plaintiff was an invitee of Circle K's store.

20. Circle K owed the general public invited to its store premises, including Plaintiff, non-delegable duties of reasonable care for their safety.

21. Defendant was careless, negligent, grossly negligent, and reckless, in at least one of the following ways:

    a. In choosing to breach its duty to keep its store free of unreasonable, foreseeable pedestrian hazards that could pose a danger to its invitees and in accordance with industry standards and safety rules;

    b. In choosing to breach its duty to make reasonable inspections of its premises, including its entrance door;

    c. In choosing to breach its duty to warn of latent or hidden dangers on premises, including dangerously loose kick plates present on its door(s), of which

ELECTRONICALLY FILED - 2022 Jul 06 2:09 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003034

    Defendant had knowledge or should have had knowledge upon reasonable inspections;

  d. In choosing to breach its duty to anticipate the harm to its invitees despite any obviousness of the dangerous hazard that may have existed and to take precautions to remove the potential dangers and harm;

  e. In placing a loose and defective kick plate upon the door where Defendants knew members of the public, their customers and their employees would be walking;

  f. In failing to install new kick plate and/or door;

  g. In failing to eliminate, guard against, or warn of the dangers present upon the door, which Defendants knew or should have known existed;

  h. In failing to properly inspect its premises to remove dangers to members of the public thereon;

  i. In diverting the Plaintiff's attention upwards through the use of product placement;

  j. In failing to keep the premises in a reasonably safe condition for business invitees who may be present thereon;

  k. In hiring and using unqualified employees for their job duties

  l. In failing to supervise their employees as they carried out the duties of their employment;

  m. In failing to properly train their employees as their carried out the duties of their employment;

  n. In failing to ensure that by reason of experience, training, or both, employees could carry out the duties of their employment;

  o. In failing to ensure that their employees knew how to and would appropriately maintain the premises with the degree of care, caution, and prudence that a person of ordinary care, caution and prudence would have exercised under the same and similar circumstances then and there prevailing;

  p. In failing to exercise the degree of care, caution and prudence a person and/or business of ordinary care, caution and prudence would have exercised under the same and similar circumstances then and there prevailing; and

  q. In any other particulars that may be found through discovery or trial.

22. As a foreseeable, direct, and proximate cause of Defendant's aforesaid acts and/or

omissions, Plaintiff sustained damages as outlined in this Complaint and which are incorporated into this cause of action.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for actual and punitive damages in an amount to be determined by the jury, for the costs of this action, and for such other and further relief that this Court deems just and proper.

**LAW OFFICE OF JACOB C. MCKENZIE, LLC**

  s/ Jacob McKenzie

Jacob C. McKenzie (S.C. Bar #: 103231)
P.O. Box 31977
Charleston, SC 29417
Phone No.: (843) 732-8128
Email:  jake@jakemckenzielawfirm.com

**ATTORNEY FOR PLAINTIFF**

July 6, 2022
Charleston, South Carolina

ELECTRONICALLY FILED - 2022 Jul 06 2:09 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1003034